Argued and submitted February 27, affirmed September 25, 2002

# STATE OF OREGON,
## *Respondent,*

*v.*

# MICHAEL EUGENE GEORGE,
## *Appellant.*

## 98CR0850; A108687
54 P3d 619

Susan F. Drake, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Judge, and Osborne, Judge pro tempore.

LANDAU, P. J.

## LANDAU, P. J.

Defendant was convicted of aggravated murder, first-degree burglary, and attempted rape. On appeal, he advances two assignments of error. First, he contends that the trial court erred in declining to deliver his proffered jury instruction on the consequences of finding him guilty except for insanity. Second, he contends that the trial court erred in permitting the jury to hear what he characterizes as "victim impact" evidence during sentencing. We affirm.

The relevant facts are not in dispute. Defendant, then 17, stabbed to death a 9-year-old boy whom he was babysitting. He then took a rifle from the boy's home and went to the home of his father's former girlfriend, intending to rape her 10-year-old daughter. He entered the house, but no one was there, so he left. He eventually called the police and confessed.

At trial, defendant did not dispute that he committed those acts, but raised the defense of insanity. He requested that the trial court deliver to the jury the following instruction concerning the consequences of a finding of guilty except for insanity:

> "If the Defendant is found guilty except for insanity the Court will make a determination based on the evidence you have heard and any additional evidence either party offers.

> "If the Court finds that [defendant] is now affected by mental disease or defect and presents a substantial danger to others requiring commitment to a State mental hospital the Court will order that he be committed to a State hospital for custody, care and treatment. The Court will also order that he be under the jurisdiction of the Psychiatric Security Review Board for a period equal to the maximum sentence for the crime(s) for which he was found guilty except for insanity.

> "* * * * *[1]

---

[1] The omitted text refers only to the maximum sentences for each of the crimes charged.

"The Psychiatric Security Review Board is a State agency that has as its primary concern the protection of society.

"If the Court determines that the Defendant can be adequately controlled with supervision and treatment and that necessary supervision and treatment is available the law allows, but does not require, the Court to conditionally release the Defendant.

"In determining whether the person shall be committed to a State hospital or conditionally released, the Court will have the protection of society as its primary concern."

The trial court declined to give the instruction. The jury found defendant guilty of aggravated murder, first-degree burglary, and attempted rape.

During the penalty phase, the state called the mother of the intended rape victim and asked her about the impact on her and her family if defendant were released on parole after 30 years. Over defendant's objection, she replied that it would lower the quality of her life to be forced to live all that time with the fear of what defendant might do when released. The jury found that defendant should be imprisoned for life without the possibility of parole on the charge of aggravated murder. On the charges of burglary and attempted rape, the trial court sentenced defendant to serve consecutive sentences of 144 months and 45 months.

On appeal, defendant first argues that the trial court erred in refusing to give his requested instruction concerning the consequences of a finding of guilty except for insanity. According to defendant, under ORS 161.313 and ORS 161.327, the court was required to deliver the requested instruction. The state argues, among other things, that the trial court did not err, because the requested instruction was an incomplete and inaccurate statement of the law. We agree with the state.

■ ORS 161.313 provides that, when the issue of insanity is submitted to the jury, "the court shall instruct the jury in accordance with ORS 161.327." ORS 161.327, in turn, provides, at some length:

"(1) Following the entry of a judgment pursuant to ORS 161.319 and the dispositional determination under ORS 161.325, if the court finds that the person would have been guilty of a felony, or of a misdemeanor during a criminal episode in the course of which the person caused physical injury or risk of physical injury to another, and if the court finds by a preponderance of the evidence that the person is affected by mental disease or defect and presents a substantial danger to others requiring commitment to a state mental hospital designated by the Department of Human Services or conditional release, the court shall order the person placed under the jurisdiction of the Psychiatric Security Review Board for care and treatment. The period of jurisdiction of the board shall be equal to the maximum sentence provided by statute for the crime for which the person was found guilty except for insanity.

"(2) The court shall determine whether the person should be committed to a state hospital designated by the Department of Human Services or conditionally released pending any hearing before the board as follows:

"(a) If the court finds that the person presents a substantial danger to others and is not a proper subject for conditional release, the court shall order the person committed to a state hospital designated by the Department of Human Services for custody, care and treatment pending hearing before the board in accordance with ORS 161.341 to 161.351.

"(b) If the court finds that the person presents a substantial danger to others but that the person can be adequately controlled with supervision and treatment if conditionally released and that necessary supervision and treatment are available, the court may order the person conditionally released, subject to those supervisory orders of the court as are in the best interests of justice, the protection of society and the welfare of the person. The court shall designate a person or state, county or local agency to supervise the person upon release, subject to those conditions as the court directs in the order for conditional release. Prior to the designation, the court shall notify the person or agency to whom conditional release is contemplated and provide the person or agency an opportunity to be heard before the court. After receiving an order entered under this paragraph, the person or agency designated shall assume supervision of the person pursuant to the direction of the

Psychiatric Security Review Board. The person or agency designated as supervisor shall be required to report in writing no less than once per month to the board concerning the supervised person's compliance with the conditions of release.

"(3)   For purposes of this section, a person affected by a mental disease or defect in a state of remission is considered to have a mental disease or defect requiring supervision when the disease may, with reasonable medical probability, occasionally become active and, when active, render the person a danger to others.

"(4)   In determining whether a person should be conditionally released, the court may order evaluations, examinations and compliance as provided in ORS 161.336(4) and 161.346(2).

"(5)   In determining whether a person should be committed to a state hospital or conditionally released, the court shall have as its primary concern the protection of society.

"(6)   Upon placing a person on conditional release, the court shall notify the board in writing of the court's conditional release order, the supervisor appointed, and all other conditions of release, and the person shall be on conditional release pending hearing before the board in accordance with ORS 161.336 to ORS 161.351. Upon compliance with this subsection and subsections (1) and (2) of this section, the court's jurisdiction over the person is terminated and the board assumes jurisdiction over the person.

"(7)   An order of the court under this section is a final order appealable by the person found guilty except for insanity in accordance with ORS 19.205(4). Notwithstanding ORS 19.255, notice of an appeal under this section shall be served and filed within 90 days after the order appealed from is entered in the register. The person shall be entitled on appeal to suitable counsel possessing skills and experience commensurate with the nature and complexity of the case. If the person is indigent, suitable counsel shall be appointed in the manner provided in ORS 138.500(1), and the compensation for counsel and costs and expenses of the person necessary to the appeal shall be determined, allowed and paid as provided in ORS 138.500.

"(8) Upon placing a person under the jurisdiction of the board, the court shall notify the person of the right to appeal and the right to a hearing before the board in accordance with ORS 161.336(7) and 161.341(4)."

ORS 161.336(7) provides that a person who has been conditionally released may apply to the board for discharge on the ground that he or she no longer is affected by mental disease or defect or no longer presents a substantial danger and no longer requires supervision. ORS 161.341(4) similarly provides that persons who have been committed to a state hospital may apply to the board for an order of discharge or conditional release.

The delivery of the instruction required by ORS 161.313 does not violate a defendant's right to a trial by an impartial jury under Article I, section 11, of the Oregon Constitution. *State v. Amini*, 331 Or 384, 394, 15 P3d 541 (2000). Nor does the delivery of such an instruction violate a defendant's right to a fair trial guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. *State v. Amini*, 175 Or App 370, 382-83, 28 P3d 1204, *rev den*, 333 Or 73 (2001). We emphasize, however, that defendant does not argue that the trial court erred in failing to deliver the instruction required by ORS 161.313. His sole contention is that the court erred in failing to deliver the specific instruction that he offered.

With respect to our standard of review of a decision not to deliver a requested instruction, the Supreme Court has explained that

"[g]enerally, parties are entitled to have a proffered instruction given based on their theory of the case if the instruction correctly states the law. If a proffered instruction is refused, however, then there is no error if the instruction is not a correct statement of the law. * * * An error in refusing to give a proffered instruction requires reversal only if the instructions that were given cause prejudice by substantially affecting the rights of the party requesting the refused instruction."

*State v. Barnes*, 329 Or 327, 334, 986 P2d 1160 (1999) (citations omitted).

■    In this case, the proposed instruction begins well enough. It roughly tracks ORS 161.327(1) in explaining that a defendant who is affected by a mental disease or defect and who presents a substantial danger to others will be ordered committed to the state mental hospital and to the jurisdiction of the board. From that point on, however, the instruction leaves out most of what appears in the balance of that fairly lengthy statute, and what little it does state is incomplete and inaccurate.

In particular, the instruction says nothing about the scope of the board's authority. It states only that the board is an agency that is concerned with the protection of society. More importantly, the requested instruction says nothing about the board's authority to discharge a person within its jurisdiction without supervision, as provided in ORS 161.327(8) and the statutes to which it specifically refers. Thus, the requested instruction gives the incorrect impression that, if defendant were found guilty except for insanity, he would remain within the jurisdiction of the board for a time equal to the maximum sentence for the crime of conviction and not be subject to outright release before that time. We conclude that the trial court did not err in refusing to deliver defendant's proposed instruction.

Defendant next argues that the trial court erred in permitting the mother of the intended rape victim to testify about the impact of his possible release from incarceration. According to defendant, under ORS 163.150, such "victim impact" evidence is permissible only in cases in which a sentence of death is a possibility. Because he was a juvenile offender, he argues, under ORS 137.707, he was not eligible for a sentence of death. Therefore, he concludes, the victim impact evidence was not admissible. The state counters that defendant's argument proceeds from a false premise, because ORS 163.150 does not provide that victim impact evidence is permissible only in cases in which a sentence of death is possible. We agree with the state.

Because defendant's argument essentially is that the trial court's ruling proceeded from an incorrect reading of the statute, we review for errors of law. *State v. Thompson*, 328 Or 248, 256, 971 P2d 879, *cert den*, 527 US 1042 (1999).

■     ORS 163.150 provides, in part:

"(1)(a)   Upon a finding that the defendant is guilty of aggravated murder, the court, except as otherwise provided in subsection (3) of this section, shall conduct a separate sentencing proceeding to determine whether the defendant shall be sentenced to life imprisonment, as described in ORS 163.105(1)(c), life imprisonment without the possibility of release or parole, as described in ORS 163.105(1)(b), or death. * * * In the proceeding, evidence may be presented as to any matter that the court deems relevant to sentence including, but not limited to, victim impact evidence relating to the personal characteristics of the victim or the impact of the crime on the victim's family and any aggravating or mitigating evidence relevant to the issue in paragraph (b)(D) of this subsection; however, neither the state nor the defendant shall be allowed to introduce repetitive evidence that has previously been offered and received during the trial on the issue of guilt. * * *

"(b)   Upon the conclusion of the presentation of the evidence, the court shall submit the following issues to the jury:

"(A)   Whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that death of the deceased or another would result;

"(B)   Whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society;

"(C)   If raised by the evidence, whether the conduct of the defendant in killing the deceased was unreasonable in response to the provocation, if any, by the deceased; and

"(D)   Whether the defendant should receive a death sentence.

"* * * * *

"(3)(a)   When the defendant is found guilty of aggravated murder, and ORS 137.707(2) applies or the state advises the court on the record that the state declines to present evidence for purposes of sentencing the defendant to death, the court:

"* * * * *

"(B) Shall conduct a sentencing proceeding to determine whether the defendant shall be sentenced to life imprisonment without the possibility of release or parole as described in ORS 163.105(1)(b) or life imprisonment as described in ORS 163.105(1)(c). If the defendant waives all rights to a jury sentencing proceeding, the court shall conduct the sentencing proceeding as the trier of fact. The procedure for the sentencing proceeding, whether before a court or a jury, shall follow the procedure of subsection (1)(a) * * *."

From the phrasing of the statute, it is clear that defendant's proposed construction is untenable. To begin with, the procedure described in subsection (1)(a) is not limited to death-penalty cases, but applies to any case in which it must be determined whether to sentence a defendant to life imprisonment, life without the possibility of release or parole, or death. That the procedure is not limited to death penalty cases is confirmed by subsection (3)(a), which expressly provides that the procedures described in subsection (1)(a) apply even when the state does not seek the death penalty.

Moreover, the phrasing of subsection (1)(a) itself confirms that the admissibility of victim impact evidence is not limited to death-penalty proceedings. It states that two types of evidence may be presented. First, it states without further qualification that evidence as to "any matter that the court deems relevant to sentence," including victim impact evidence, may be presented. Second, it states that "any aggravating or mitigating evidence relevant to the issue in paragraph (b)(D) of this subsection," that is, whether defendant should receive a death sentence, also may be presented. By its terms, the phrase "relevant to the issue in paragraph (b)(D)" modifies only the phrase that immediately precedes it, namely, "any aggravating or mitigating evidence." *See State v. Webb*, 324 Or 380, 386, 927 P2d 79 (1996) (" 'Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. The last antecedent is "the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence." ' ") (quoting Norman J. Singer, 2A *Sutherland*

*Statutory Construction* § 47.33, 270 (5th ed 1992)). We conclude that the trial court did not err in considering the challenged victim impact evidence.

Defendant advances other arguments, which we reject without discussion.

Affirmed.