Argued and submitted March 8, decision of Court of Appeals reversed; judgment of circuit court reversed; case remanded to circuit court for further proceedings September 16, 2004

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## MICHAEL EUGENE GEORGE,
*Petitioner on Review.*

(CC 98CR0850; CA A108687; SC S50135)

97 P3d 656

Susan F. Drake, Deputy Public Defender, Salem, argued the cause and filed the brief for petitioner on review. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

GILLETTE, J.

Kistler, J., dissented and filed an opinion.

**GILLETTE, J.**

Defendant was convicted of aggravated murder and other crimes, and was sentenced to life imprisonment without the possibility of parole. On his appeal to the Court of Appeals, he assigned error to the trial court's refusal to give an instruction about the consequences of a verdict of guilty except for insanity and to the trial court's decision to allow the state to present certain "victim impact" evidence at the sentencing proceeding that followed his conviction for aggravated murder. The Court of Appeals rejected both assignments and affirmed. *State v. George*, 183 Or App 583, 54 P3d 619 (2002). We allowed defendant's petition for review and now conclude that defendant's arguments with respect to the first assignment of error are well taken. Accordingly, we reverse defendant's convictions and remand to the trial court for further proceedings.

Briefly, the facts are as follows. When defendant was 17 years old, he suffered from a mental disorder that manifested itself, in part, in powerful, recurring fantasies about raping, torturing, and killing young children. One day, defendant stabbed and killed a neighbor's child, stole a rifle from the neighbor's home, and proceeded to the home of Baker, his father's former girlfriend, intending to rape and possibly kill Baker's 10-year-old daughter. When defendant reached Baker's house, he entered, but found it empty. He left the Baker home and walked several miles out of town, then called the police and confessed.

Defendant was charged with aggravated murder, attempted aggravated murder, attempted first-degree rape, and other crimes. At trial, defendant advanced an insanity defense.

During the trial, a controversy arose over the requirement of ORS 161.313 that, when a criminal defendant raises an insanity defense in a case being tried to a jury, the trial court "shall instruct the jury in accordance with ORS 161.327."[1] Defendant objected to Uniform Criminal Jury

---

[1] ORS 161.327 sets out the consequences, for a criminal defendant, of a verdict of guilty except for insanity. It provides:

"(1) Following the entry of a judgment pursuant to ORS 161.319 and the dispositional determination under ORS 161.325, if the court finds that the

Instruction 1122, the instruction that had been designed to meet the statutory requirement in ORS 161.313, on the

person would have been guilty of a felony, or of a misdemeanor during a criminal episode in the course of which the person caused physical injury or risk of physical injury to another, and if the court finds by a preponderance of the evidence that the person is affected by mental disease or defect and presents a substantial danger to others requiring commitment to a state mental hospital * * * or conditional release, the court shall order the person placed under the jurisdiction of the Psychiatric Security Review Board for care and treatment. The period of jurisdiction of the board shall be equal to the maximum sentence provided by statute for the crime for which the person was found guilty except for insanity.

"(2) The court shall determine whether the person should be committed to a state hospital designated by the Department of Human Services or conditionally released pending any hearing before the board as follows:

"(a) If the court finds that the person presents a substantial danger to others and is not a proper subject for conditional release, the court shall order the person committed to a state hospital designated by the Department of Human Services for custody, care and treatment pending hearing before the board in accordance with ORS 161.341 to 161.351.

"(b) If the court finds that the person presents a substantial danger to others but that the person can be adequately controlled with supervision and treatment if conditionally released and that necessary supervision and treatment are available, the court may order the person conditionally released, subject to those supervisory orders of the court as are in the best interests of justice, the protection of society and the welfare of the person. The court shall designate a person or state, county or local agency to supervise the person upon release, subject to those conditions as the court directs in the order for conditional release. Prior to designation, the court shall notify the person or agency to whom conditional release is contemplated and provide the person or agency an opportunity to be heard before the court. After receiving an order entered under this paragraph, the person or agency designated shall assume supervision of the person pursuant to the direction of the Psychiatric Security Review Board. The person or agency designated as supervisor shall be required to report in writing no less than once per month to the board concerning the supervised person's compliance with the conditions of release.

"(3) For purposes of this section, a person affected by a mental disease or defect in a state of remission is considered to have a mental disease or defect requiring supervision when the disease may, with reasonable medical probability, occasionally become active and, when active, render the person a danger to others.

"(4) In determining whether a person should be conditionally released, the court may order evaluations, examinations and compliance as provided in ORS 161.336(4) and 161.346(2).

"(5) In determining whether a person should be committed to a state hospital or conditionally released, the court shall have as its primary concern the protection of society.

"(6) Upon placing a person on conditional release, the court shall notify the board in writing of the court's conditional release order, the supervisor appointed, and all other conditions of release, and the person shall be on conditional release pending hearing before the board in accordance with ORS

ground that the uniform instruction contained some inaccuracies and included material that was not part of ORS 161.327. Defendant submitted a different "means of disposition" instruction that, in his view, was more accurate and more "jury-friendly" (because it excluded extraneous material), and asked the trial court to give his instruction instead.[2]

---

161.336 to 161.351. Upon compliance with this subsection and subsections (1) and (2) of this section, the court's jurisdiction over the person is terminated and the board assumes jurisdiction over the person.

"(7) An order of the court under this section is a final order appealable by the person found guilty except for insanity in accordance with ORS 19.205(5). Notwithstanding ORS 19.255, notice of an appeal under this section shall be served and filed within 90 days after the order appealed from is entered in the register. The person shall be entitled on appeal to suitable counsel possessing skills and experience commensurate with the nature and complexity of the case. If the person is financially eligible, suitable counsel shall be appointed in the manner provided in ORS 138.500(1), and the compensation for counsel and costs and expenses of the person necessary to the appeal shall be determined, allowed and paid as provided in ORS 138.500.

"(8) Upon placing a person under the jurisdiction of the board, the court shall notify the person of the right to appeal and the right to a hearing before the board in accordance with ORS 161.336(7) and 161.341(4)."

Defendant was tried in 1999. There are a few small differences between the present version of ORS 161.327, quoted above, and the version that was in effect in 1999. The differences between the two versions are not relevant to the present case. For the sake of convenience, we cite to the present version throughout this case.

[2] Defendant's requested instruction stated:

"If the Defendant is found guilty except for insanity the Court will make a determination based on the evidence you have heard and any additional evidence either party offers.

"If the Court finds that [defendant] is now affected by mental disease or defect and presents a substantial danger to others requiring commitment to a State mental hospital the Court will order that he be committed to a State hospital for custody, care and treatment. The Court will also order that he be under the jurisdiction of the Psychiatric Security Review Board for a period equal to the maximum sentence for the crime(s) for which he was found guilty except for insanity.

"Those maximum terms are:

"1. For Aggravated Murder, life.

"2. For Burglary, 20 years.

"3. For Attempted Aggravated Murder, 20 years.

"4. For Attempted Rape, 10 years.

"5. For Attempted Assault II, five years.

"6. For Theft I, five years.

"The Psychiatric Security Review Board is a state agency that has as its primary concern the protection of society.

However, the trial court indicated that it would not give *any* instruction regarding the consequences of a finding of guilty except for insanity. The trial court believed that giving such an instruction would be unlawful under the Court of Appeals' then-recent decision in *State v. Amini*, 154 Or App 589, 963 P2d 65 (1998), *rev'd*, 331 Or 384, 15 P3d 541 (2000).[3]

Thereafter, the jury found defendant guilty of aggravated murder, first-degree burglary, and attempted first-degree rape. The court then held a separate penalty-phase proceeding as ORS 137.707(2) and ORS 163.150 require.[4]

During the sentencing proceeding, the state asked Baker, the mother of defendant's intended rape victim, to testify about how a sentence of life imprisonment with the possibility of parole might affect her and her daughter. Defendant objected, but his objection was overruled. Baker then testified that a sentence of life with the possibility of parole would lower the quality of her daughter's life because her daughter would be fearful about what defendant might do to her when and if he were released. The jury thereafter chose, for defendant's aggravated murder conviction, a sentence of life imprisonment without the possibility of parole.

"If the Court determines that the Defendant can be adequately controlled with supervision and treatment and that necessary supervision and treatment is available the law allows, but does not require, the Court to conditionally release the Defendant.

"In determining whether the person shall be committed to a State hospital or conditionally released, the Court will have the protection of society as its primary concern."

[3] The Court of Appeals' *Amini* decision held that instructing the jury in accordance with ORS 161.327, as ORS 161.313 requires, violates a defendant's right under Article I, section 11, of the Oregon Constitution to an impartial jury. It does so, the Court of Appeals concluded, because it causes the jury to focus on a matter that is not for the jury's consideration—the sentence that will result from a certain verdict. *Amini*, 154 Or App at 601-02. This court reversed the Court of Appeals in *State v. Amini*, 331 Or 384, 15 P3d 541 (2000). As the law now stands, there is no constitutional impediment to giving the instruction contemplated by ORS 161.313.

[4] ORS 163.150 provides for a separate penalty-phase proceeding when a criminal defendant is found guilty of aggravated murder. In such a proceeding, the jury must decide between three possible sentences: life imprisonment with the possibility of parole, life imprisonment without the possibility of parole (true life), or death. ORS 137.707(2) provides that ORS 163.150 applies when a person charged with and convicted of aggravated murder was 15, 16, or 17 years of age at the time that the offense was committed, except that that person is not subject to the death penalty. Defendant was 17 at the time that he committed the crimes in question and, therefore, was not subject to the possibility of being sentenced to death.

With respect to the jury instruction issue, the Court of Appeals did not consider whether the trial court had erred by failing to give *any* instruction pursuant to ORS 161.313. That court concluded that defendant's "sole contention [on appeal was] that the [trial] court [had] erred in failing to deliver the specific instruction that he offered." *George*, 183 Or App at 589. On that narrow question, the Court of Appeals concluded that there had been no error because defendant's requested instruction was "incomplete and inaccurate." *Id.* at 590. The Court of Appeals was particularly concerned that the requested instruction failed to describe the authority of the Psychiatric Security Review Board (PSRB) to discharge a person under its jurisdiction without supervision. *Id.*

Defendant disputes the conclusion that his requested instruction was incomplete and incorrect. He contends that the direction in ORS 161.313 that the trial court instruct the jury *"in accordance* with ORS 161.327" (emphasis added) does not require that every detail of ORS 161.327 be included in the instruction. He denies, moreover, that a proper instruction must include information about the PSRB's authority to discharge persons without supervision. He notes that the PSRB's authority in that regard is described in statutes other than ORS 161.327 and to which ORS 161.327 refers only obliquely.

We agree with defendant that the "in accordance" wording of ORS 161.313 does not require an instruction that includes every detail, and explains every statutory reference, in ORS 161.327. However, we do not agree that defendant's requested instruction conveys a correct overall impression of ORS 161.327. In particular, we conclude that the requested instruction conveys an erroneous impression of the court's and the PSRB's respective areas of authority over a person found guilty except for insanity.

ORS 161.327(1) provides that, upon entry of a verdict of guilty except for insanity, the court shall order the person placed under the PSRB's jurisdiction for care and treatment if (1) the person would have been guilty of a felony or certain kinds of misdemeanors; (2) the person is affected by a mental disease or defect; and (3) the person presents a substantial danger to others requiring commitment to a state

mental hospital *or* conditional release. ORS 161.327(2) provides that the court will decide whether the person will be hospitalized or conditionally released with supervision, "pending any hearing before [the PSRB]." Under ORS 161.327(6), the court's jurisdiction over the person ends once the PSRB is notified of the person's conditional release. Finally, under ORS 161.327(8), it is incumbent upon a court, when placing a person under the jurisdiction of the PSRB, to notify that person of his or her right to a hearing before the PSRB "in accordance with ORS 161.336(7) and 161.341(4)." Viewed overall, ORS 161.327 contemplates that trial courts will make an initial choice between hospitalizing or conditionally releasing a person who is found guilty of a crime except for insanity. In almost all cases, however, the person ultimately will be under the jurisdiction of the PSRB for a period equal to the maximum sentence for those crimes and the PSRB will have control, through a hearings process, over the long-term disposition of the person.

Defendant's requested instruction does not describe, or even suggest, that general arrangement. Instead, it suggests that the PSRB has a role (the nature of that role is unclear) only if the trial court decides to commit the person to a state hospital. The instruction also suggests that the trial court's decision is somehow final: It does not state that, in all cases, the person's long term fate is in the hands of the PSRB and that the trial court's disposition stands "pending any hearing" before that body. Given the foregoing observations, we assume, without deciding, that the Court of Appeals was correct in concluding that the requested instruction was not "in accordance with ORS 161.327" and did not meet the requirements of ORS 161.313. That does not end our inquiry, however.

Defendant argues that, even if his requested instruction is incorrect, the fact remains that ORS 161.313 required the trial court to instruct the jury in accordance with ORS 161.327 and the trial court failed to do so. Defendant contends that the trial court clearly erred in failing to give *some* instruction that fulfilled the requirement of ORS 161.313.

■      We have noted that the Court of Appeals confined its analysis to the requested instruction, concluding that defendant was not raising before that court the related question

whether the trial court failed in its obligation to give *some* instruction that comported with ORS 161.313. If that conclusion is accurate, then prudential rules might prevent us from considering the question in this court.

We agree with the Court of Appeals' assessment that defendant did not raise separately the issue of the trial court's compliance with ORS 161.313. However, we think that the argument that defendant did advance to the Court of Appeals under that assignment of error fairly raised the question. Although defendant's assignment of error in the Court of Appeals was directed at the trial court's refusal to give "defendant's jury instruction number 14," his argument under that assignment was directed primarily at the court's obligation to instruct the jury in accordance with ORS 161.313. He pointed out that

> "the trial court failed to give an instruction required by Oregon law. No other instruction even touched upon the consequences of an insanity verdict. Therefore, error should be presumed because the jury instructions were not a complete and accurate statement of Oregon law."

Defendant also quoted trial counsel's exceptions to the jury instructions, including the statement that "defendant excepts to the failure to give a means of disposition instruction like that requested in Defendant's 14 or some other that accurately sets out the provisions of [ORS] 161.327." When viewed as a whole, defendant's assignment of error and argument under the assignment sufficiently raised the issue whether the trial court erred in failing to give some instruction that comported with the requirement of ORS 161.313.

■ The state contends that, even if defendant argued the foregoing point in the Court of Appeals, he failed to raise it adequately in the trial court. The state's argument in that regard is three-pronged. The state suggests, first, that defendant's exception to the jury instruction, quoted above, was a belated expansion of defendant's initial objection, which addressed only the trial court's refusal to give his *requested* instruction. Citing *State v. Nodine*, 198 Or 679, 259 P2d 1056 (1953), the state suggests that objections to an instruction must be raised before the commencement of the jury charge

and that a claim of error cannot be based on an after-the-fact exception.

Assuming that the state is correct in principle, our reading of the record does not agree with the state's description of the nature of defendant's initial objection. It is clear to us that the initial discussions about how and whether to instruct the jury under ORS 161.313 occurred in chambers and were not recorded. As such, the specifics of defendant's objections can only be inferred from what defendant said later, when he formally excepted to the court's jury instructions. At that point, defendant focused on the fact that the trial court had not given his instruction "or some other" instruction in accordance with ORS 161.327. He also acknowledged that he had objected to the uniform instruction on technical grounds and stressed that he was not objecting to the general requirement that an instruction on means of disposition be given (and, in fact, had requested such an instruction). The trial court then confirmed, for the record, that "we did talk before instruction" about the "means of disposition instruction" and, particularly, the Court of Appeals' decision in *Amini*. The fairest reading of the colloquy as a whole is that defendant previously had raised all the points that he raised in his later exception, including the argument that the state now contends was not preserved.[5]

The state also suggests that defendant's objections at trial were insufficient to preserve his present argument that an instruction in accordance with ORS 161.327 was required when, at the time of trial, controlling precedent (the Court of Appeals' decision in *Amini*) held that giving such an instruction violated a criminal defendant's constitutional rights. The state does not deny that criminal defendants may waive their constitutional rights, including the right that was at issue in *Amini*. It argues, however, that defendant's objections and arguments at trial in the present case cannot be viewed as waiving that right because they were not sufficiently "express, knowing, and voluntary." In particular, the

---

[5] The state's brief breaks down defendant's various comments in excepting to the instructions and mistakenly treats part of them as defendant's prior objection, attributing to them an earlier and erroneous place in the transcript. When that inadvertent miscitation is corrected, the force of the state's argument diminishes significantly.

state contends that it was "not incumbent on the [trial] court to treat [defendant's] proposed instruction, flawed as it was, coupled with objections to the standard instruction, as a waiver of a constitutional right."

We are satisfied, however, that defendant expressed to the trial court his wish to waive the constitutional right that, according to the Court of Appeals' decision in *Amini*, an instruction under ORS 161.313 would impair. Specifically, defendant informed the court that, although he objected to the uniform instruction under ORS 161.313 on technical grounds, he was not objecting generally to the giving of a consequences instruction and, in fact, was asking the court to give one. In the context of the trial court's subsequent comment, indicating that *Amini* had been at the center of the discussions, it is difficult to see defendant's request for an instruction as anything other than a waiver of the right at issue in *Amini*.

The state asserts, finally, that defendant cannot be heard to complain about the trial court's failure to give an instruction "in accordance with ORS 161.327," when he objected to the uniform instruction and failed to offer one that was a correct statement of the law. Although the state's position accurately reflects the approach that we ordinarily take regarding preservation of jury instruction issues, we reject that argument here for two reasons. First, it cannot be squared with the fact that ORS 161.313 unequivocally places the responsibility for giving the required instruction on the trial court, without regard to whether the defendant wants or requests such an instruction, much less offers one that is a correct statement of the law. Second, the state's argument ignores the fact that, at the relevant time, the trial court already had announced that, because of the Court of Appeals' decision in *Amini*, it would not give the uniform instruction to the jury, "nor would [it] give a variation of it." In view of that announcement, defendant reasonably could assume that attempting to formulate a revised instruction that comported with the requirement of ORS 161.313 would have been an exercise in futility. Our requirements respecting preservation do not demand that parties make what the record demonstrates would be futile gestures.

We conclude, in short, that defendant's objections at trial were sufficient to preserve his present claim that the trial court erred in failing to give an instruction that fulfilled the statutory directive of ORS 161.313. We proceed to the merits of that claim.

■     The answer, on the merits, is inescapable. ORS 161.313 provides that, when a defendant's sanity is an issue, the trial court "*shall* instruct the jury in accordance with ORS 161.327." As we already have noted, that statute unequivocally requires the trial court to give an instruction in accordance with ORS 161.327. The trial court failed to so instruct the jury and, in failing to do so, erred.

■     That leaves only the question whether the error was prejudicial. When a trial court fails to give the instruction that ORS 161.313 requires, it denies the defendant a benefit that the legislature intended that he or she have, *viz.*, a jury that will be informed adequately as to the consequences of a "guilty but insane" verdict and, therefore, will not be influenced by unwarranted concerns that the defendant will be released immediately or prematurely.[6] Defendant did not have the benefit of such a jury. We see no basis, on this record, for suggesting that such an omission could be harmless error. Defendant's convictions, all of which are affected by the error, must be reversed, and the case remanded to the trial court for further proceedings.

Defendant has sought review on two other grounds, each of which raises important questions respecting the evidence that is admissible in a penalty-phase hearing. In one issue, defendant asserts that, because he could not receive a sentence of death in this case (because of his age at the time the crimes were committed), it was error for the trial court to admit "victim-impact" evidence in the penalty-phase proceeding. In the second, defendant argues that, even if "victim-impact" evidence is admissible, the evidence offered by the

---

[6] As the Court of Appeals noted in its decision in *Amini*, it appears that the legislature enacted ORS 161.313 out of a concern that jurors might shy away from finding criminal defendants guilty except for insanity because of an erroneous perception that such a finding would result in the defendant's immediate or premature release. *See Amini*, 154 Or App at 600 (describing legislative history suggesting that purpose).

state in this case did not qualify because it did not relate "to the personal characteristics of the victim or the impact of the crime on the victim's family." ORS 163.150(1)(a). Important as those issues may be, we conclude that it is inappropriate to address them now. Defendant's case is going back for a new trial. Defendant may or may not be convicted at the new trial. And, if he is not, any opinion that we offer now respecting the penalty-phase issues will be irrelevant. We decline to address the additional issues that defendant advances at this time.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

**KISTLER, J.,** dissenting.

The majority holds that the trial court should have instructed the jury on the consequences of a guilty but insane verdict, even if defendant's requested instruction on that issue were flawed. That holding is unexceptional, and I would have no quarrel with it if the issue were properly before us. Defendant, however, made a conscious decision not to present that issue to the Court of Appeals, and I would not reach it. I respectfully dissent.

ORS 161.313 provides that, when a defendant raises an insanity defense, a trial court "shall instruct" the jury on the consequences of a guilty but insane verdict. Defendant submitted a flawed instruction on that issue[1] and asked the trial court to give either his instruction "or some other [instruction] that accurately sets out the [information that ORS 161.313 requires]." The trial court declined to give any instruction on the issue because it understood, incorrectly it turned out, that the Oregon Constitution prohibited it from doing so.[2]

---

[1] The majority finds it unnecessary to decide whether defendant's requested instruction was flawed. I would hold, for the reasons noted in the majority opinion, that it was.

[2] When the trial court ruled on this issue, the Court of Appeals had held that Article I, section 11, of the Oregon Constitution prohibited giving the sort of instruction that ORS 161.313 requires. *See State v. Amini*, 154 Or App 589, 963 P2d 65 (1998) (so holding). After the trial court entered judgment in this case, this court reversed the Court of Appeals decision in *Amini*. *State v. Amini*, 331 Or 384, 15 P3d 541 (2000).

Before the Court of Appeals, defendant assigned error to the trial court's decision not to give his requested instruction. He did not assign error to the court's refusal to give any instruction on the issue, nor did he argue in his brief that the court erred in that respect. Rather, defendant identified only one error in the course of his argument. He contended, consistently with his assignment of error, that the court had erred in refusing to give his requested instruction.

It is true, as the majority notes, that defendant's brief in the Court of Appeals referred to the trial court's "fail[ure] to give an instruction required by Oregon law." But he did so only in the course of arguing that the ruling he had assigned as error (the failure to give his requested instruction) had prejudiced him.[3] In my view, defendant did not contend in his brief that the failure to give any instruction on the consequences of his insanity defense constituted a separate, reversible error.

Were there any doubt about the matter, defense counsel's remarks at oral argument removed it. Defense counsel began her oral argument to the Court of Appeals by explaining that she was challenging only the trial court's failure to give her requested instruction. She was not raising any other issue. Defense counsel stated:

"First of all, I want to just clarify that, I'm sticking with my assignment of error. I'm saying that it was error not to give defendant's special instruction. I am not arguing that the court erred in not giving something. Okay. The state spent a lot of time on how I couldn't do that. I didn't do that, and I am not going to do it today. So we are just talking about defendant's special instruction number 14."

Defense counsel's remarks eliminated whatever ambiguity may have inhered in the brief. The only issue that defendant raised in his first assignment of error was whether the trial

_____

[3] Defendant's brief stated:

"The trial court's error prejudiced defendant when the jury instructions are considered as a whole. *See State v. Williams*, 313 Or 19, 38, 828 P2d 1006 (1992) (stating standard for reversible error). Here, the trial court failed to give an instruction *required by Oregon law*. No other instruction even touched upon the consequences of an insanity verdict. Therefore, error should be presumed harmful because the jury instructions were not a complete and accurate statement of Oregon law." (Emphasis in original.)

court had erred in not giving his requested instruction. Not surprisingly, the Court of Appeals limited its discussion of defendant's first assignment of error to that issue.

Before this court, defendant advances both the issue that he preserved in the Court of Appeals (the failure to give his requested instruction) and also the issue that he deliberately chose not to raise in that court (the failure to give any instruction on the effects of a guilty but insane verdict). The majority does not reach the issue that defendant preserved but reverses on an issue that he chose not to pursue in the Court of Appeals. In my view, the court errs in doing so.

The court has long recognized that a party may not raise an issue in this court that he or she failed to raise in the Court of Appeals. *Tarwater v. Cupp*, 304 Or 639, 644, 748 P2d 125 (1988). More recently, this court held that it may not reach an issue that was not "properly before" the Court of Appeals. *State v. Wyatt*, 331 Or 335, 345-46, 15 P3d 22 (2000) (applying ORAP 9.20(2)). That is so even though the adverse party concedes that the Court of Appeals may reach the issue, and the Court of Appeals does so. *Id.* In this case, defendant chose not to pursue, before the Court of Appeals, the issue that he now pursues in this court, and the Court of Appeals did not decide that issue. The issue upon which the majority bases its decision was not "before" the Court of Appeals, much less "properly before" it.

Admittedly, it would have been helpful if the state had argued to us that defendant had failed to brief the issue in the Court of Appeals that he now asks us to decide, and it would have been particularly helpful if the state (or defendant for that matter) had directed us to defense counsel's remarks at oral argument, which remove any doubt about defendant's appellate strategy. The state's failure to do so, however, does not excuse our independent obligation to reach only those issues that were properly before the Court of Appeals, a proposition that *Wyatt* makes clear. *Id.* at 346 (stating that proposition).

Having failed to preserve this issue in the Court of Appeals, defendant is left with a claim of plain error. *See Wyatt*, 331 Or at 346 (describing procedural options). Here, even if one assumes that the error is apparent on the face of

the record, that does not end the inquiry. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (explaining plain error doctrine). As *Ailes* makes clear, under the plain error doctrine, the question is not only whether the error is apparent on the face of the record but also whether a court should exercise its discretion to reach the unpreserved issue. *Id.* at 382. To me, the answer to the latter question is clear. When, as in this case, a party has deliberately bypassed the opportunity to raise an issue in the Court of Appeals, we should not exercise our discretion to reach it.

Because defendant deliberately chose not to pursue in the Court of Appeals the issue upon which the majority bases its decision and because it is not appropriate to reach that issue under the plain error doctrine, I respectfully dissent.