Argued and submitted September 29, 2000, reversed and remanded for new trial; denial of motion to suppress affirmed October 31, 2001

## STATE OF OREGON,
*Respondent,*

*v.*

## DONALD A. LOVINS,
*Appellant.*

## CF01982; A102866

33 P3d 1060

Andy Simrin, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Brendan C. Dunn, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

ARMSTRONG, J.

---

* Deits, C. J., *vice* Ceniceros, S. J.

## ARMSTRONG, J.

Defendant appeals his conviction for possession of a controlled substance. He raises two assignments of error. We write only to discuss his second assignment of error, which is that the court erred by denying him the right to make a closing argument. We agree with defendant and reverse and remand for a new trial.

The parties tried the case to the court on stipulated facts that were supplemented by a few witnesses called by each party. Immediately after the last witness testified, the court found defendant guilty. It then briefly discussed sentencing issues with defendant. Defendant asked to clarify the record and attempted to make a closing argument, beginning with a statement that the state had failed to meet its burden of proof. The court started to restate its findings. Defendant said that he was not arguing with the court, "it's just that [defendant] was not given the opportunity to close[.]" The court responded that "I think that's into sound discretion." Defendant emphasized that he had not waived his closing argument. The court replied that it was aware that he had not done that and said that that was another issue that defendant could raise on appeal. The court said that it did not "think that there's a statutory right to a closing . . . argument. Is there?" Defendant responded that there was a statutory right to make a record as to "various motions at the end."

The court ruled that defendant could not make such a record. Defendant then stated that he had a right to make a motion for judgment of acquittal. The court allowed him to make that motion. In support of that motion, defendant argued that the state had not met its burden to prove defendant's guilt beyond a reasonable doubt. The court denied defendant's motion, stating: "Motion for Judgment of Acquittal is denied. And uh . . . I will incorporate in my . . . ruling what I've already said." The court then sentenced defendant.

The state concedes that the trial court erred in denying defendant the right to make a closing argument. *State v. Rogoway*, 45 Or 601, 81 P 234 (1904); *see also Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380-81, 823 P2d 956 (1991). The state argues, however, that we should affirm the

judgment because the error was harmless. We have held that a violation of a defendant's right to present closing argument is not harmless, because it is impossible to determine if the closing argument would have made a difference. *State v. Doern*, 156 Or App 566, 573-76, 967 P2d 1230 (1998), *rev den* 328 Or 666 (1999).

■    The state argues that we should make an exception to that rule in this case. According to the state, defendant essentially made his closing argument in his motion for judgment of acquittal. The state argues that, because defendant actually made his closing argument to the court, harmless error analysis should apply. However, when the court denied defendant his right to make a closing argument, the court said that it thought that it had the discretion to do that and that the denial of a closing argument was another issue that defendant could appeal. That statement indicates that the court thought that it could make its findings without ever hearing defendant's closing argument.

There is no evidence in the record that the court reconsidered that decision. It denied defendant's request to make motions for the record at the end of the trial and allowed defendant to make his motion for judgment of acquittal only after defendant asserted his right to make that motion. After the court listened to the motion, it denied it and stated that it understood that it was denying a motion for judgment of acquittal—not that it was again finding defendant guilty.

■■    Admittedly, defendant's argument on the motion for judgment of acquittal is similar to the argument that he began to make as a closing argument. However, we cannot say that that argument played the same role as a closing argument. The issue on a motion for judgment of acquittal is legal: whether there is evidence that would permit a trier of fact to find defendant guilty. The issue on a closing argument is factual: whether the trier of fact should, in fact, be convinced of defendant's guilt beyond a reasonable doubt. It is not unusual for a trier of fact to acquit a defendant after the court has denied a motion for judgment of acquittal.

Even if the court heard the same argument that defendant would have made in his closing argument, the

court said that it was rejecting his argument on a motion for judgment of acquittal. It never indicated that it was considering his argument with respect to its original finding of guilt. Defendant was not given the opportunity to make a closing argument or the equivalent of such an argument.

The state argues that the court made a second finding of guilt after listening to defendant's argument on his motion for judgment of acquittal, because the court said that it was incorporating in its ruling on the motion the things that it had already said. That statement does not indicate that the court considered defendant's argument as a closing argument. There is no basis for us to conclude from that statement that the court treated the argument as relevant to the factual question of defendant's guilt. Once it had found defendant guilty, it necessarily would conclude that the reasons for that finding were also sufficient to deny a motion that the evidence was legally insufficient for the conviction. That does not mean that the court reconsidered the factual underpinnings of its decision to convict. The state has not shown that the court's denial of defendant's right to a closing argument was harmless error. *See Doern,* 156 Or App at 575.

■ ■ The state next argues that we should remand the case only to allow defendant to present his closing argument, rather than for a new trial. The state bases its argument on *State v. Cole,* 323 Or 30, 37, 912 P2d 907 (1996), in which the court remanded a case for a new hearing on a motion to suppress and instructed the lower court to reenter a judgment of conviction if the motion to suppress was denied. *Cole* and this case are not similar. In *Cole,* the court had already found from the evidence that defendant was guilty; a conclusion that the challenged evidence was in fact admissible would simply re-establish the basis for that finding. In contrast, a closing argument is a part of the trial, and a failure to allow the argument cannot be separated from the trial as a whole. *See* ORCP 58. The trial itself was affected in this case because the court denied one of its required elements.

Defendant also assigns error to the denial of his motion to suppress evidence. We reject that assignment without discussion.

Reversed and remanded for a new trial; denial of motion to suppress affirmed.