Argued and submitted July 19, reversed and remanded December 14, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LORENA BARAJAS,
*Defendant-Appellant.*

Marion County Circuit Court
09C41316; A142660

268 P3d 732

Kenneth A. Kreuscher argued the cause for appellant. With him on the brief was Portland Law Collective, LLP.

Susan G. Howe, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Defendant appeals from a judgment of conviction of one count each of unlawful delivery of methamphetamine, ORS 475.890; unlawful possession of methamphetamine, ORS 475.894; and first-degree child neglect, ORS 163.547. Because we conclude that the trial court erred by denying defendant's right to present a closing argument, we reverse and remand. That disposition obviates the need to address defendant's assignment of error concerning her sentence.

At the end of the bench trial, the court purported to "waive" defendant's right to closing argument in the following exchange. Defense counsel said that he was finished with direct examination of a witness, the father of defendant's two-year-old child. The trial court then inquired whether the witness, who had pleaded guilty to distribution of methamphetamine, had been sentenced, and the witness answered that he had been.

"THE COURT: That's too bad. I'd like to talk to the sentencing judge. He can step down.

"[PROSECUTOR]: Your Honor, may I have a chance to cross-examine?

"THE COURT: No. The last witness you rattled on for 20 minutes, did no good. This man is lying. I don't need to hear any more.

"[DEFENSE COUNSEL]: Well, the defense has no further witnesses. We'd rest.

"THE COURT: Any rebuttal?

"[PROSECUTOR]: No, Your Honor.

"THE COURT: The Court's going to waive closing argument. From what I can tell, these people lived together for three years, never had a single conversation.

"[DEFENSE COUNSEL]: We don't think they lived together for three years, but—

"THE COURT: All right. One-and-a-half years. They never had a single conversation. For all I know, the kid was the immaculate conception. I'll find her guilty of count 1 through 3, not guilty of count 4 and 5. I think she's an absolute liar and I know that last guy that testified is a liar. She

had scales, she had money, she had drugs and it went on for several years. And that little nephew, the 15 year old, going in and out of the house dealing drugs, she's a liar, and that last witness proved it.

"[DEFENSE COUNSEL]:    There's no doubt he's lying. What do we want to do for—

"THE COURT:    In fairness to your client, [defense counsel], I'm going to take it under the 48-hour rule and find another day for sentencing."

The proceedings then concluded.

Defendant appeals. On appeal, the parties agree that a defendant in a criminal case has a right to make a closing argument, a proposition with which we too agree. *See, e.g., State v. Lovins*, 177 Or App 534, 536-37, 33 P3d 1060 (2001). The parties' central dispute concerns preservation of error. Defendant argues, in part, that she preserved her claims of error by attempting to give a closing argument after the court stated that it was going to waive oral argument, only to be interrupted twice by the trial court. The state contends that, because a defendant may choose to waive closing argument, a defendant who wishes to preserve the issue for review must either request closing argument expressly or make a formal objection on the record to the denial of closing argument. The state further argues that it is reasonably in dispute whether defendant waived her right to make a closing argument.

The Supreme Court has explained that procedural fairness underlies the requirements for preservation:

"What is required of a party to adequately present a contention to the trial court can vary depending on the nature of the claim or argument; the touchstone in that regard, ultimately, is procedural fairness to the parties and to the trial court. *See generally State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988) (distinguishing requirements for 'raising an issue at trial, identifying a source for a claimed position, and making a particular argument'). In some circumstances, the preservation requirement gives way entirely, as when a party has no practical ability to raise an issue. *See, e.g., McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 95 n 6, 957 P2d 1200, *modified on recons*, 327 Or 185, 957 P2d

1200 (1998) (party not required to take action to preserve an issue that first arose when court issued its order). The same is true if the record establishes that preservation would have been futile, because the trial court would not have permitted an issue to be raised or the record to be developed. *See, e.g., State v. Olmstead*, 310 Or 455, 461, 800 P2d 277 (1990) ('When the trial court excludes an entire class of evidence by declaring, in advance, that it is inadmissible as a matter of law, the ruling renders a further offer futile.')."

*Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008) (footnote omitted). Preservation does not require a party to continue making an argument that the trial court has already rejected. *See State v. Walker*, 350 Or 540, 550, 258 P3d 1228 (2011) ("Once a court has ruled, a party is generally not obligated to renew his or her contentions in order to preserve them for the purposes of appeal." (Citation omitted.)); *State v. George*, 337 Or 329, 339, 97 P3d 656 (2004) (concluding that the defendant did not have to propose instruction to preserve objection on failure to instruct where the trial court already had announced that it would not give uniform jury instruction or any variation of it: "In view of that announcement, defendant reasonably could assume that attempting to formulate a revised instruction that comported with the requirement of [the statute] would have been an exercise in futility. Our requirements respecting preservation do not demand that parties make what the record demonstrates would be futile gestures.").

Nor is counsel required to label an objection as an objection. In *Charles v. Palomo*, 347 Or 695, 698, 227 P3d 737 (2010), the trial court began to instruct the jury immediately after the defendant's counsel presented his closing argument. When the plaintiff's counsel asked for a rebuttal, the trial court told him that he did not get any and showed him a copy of ORCP 58 B(6); the plaintiff's counsel replied, "Okay." 347 Or at 698. The plaintiff subsequently appealed, arguing that the trial court erred by denying him a rebuttal argument, and the Supreme Court concluded that the plaintiff had adequately preserved the issue for review:

"It was apparent from plaintiff's comment that he disagreed with the trial court's action in proceeding to instruct the

jury without giving him the opportunity for rebuttal. The fact that plaintiff made his request politely and did not use the word 'objection' does not make his objection inadequate. It is true that plaintiff did not make a further objection to the court's oral ruling—denying rebuttal—once that ruling had already been made. But parties are not required to repeat their objections after the trial court has ruled against them. *See Hitz*, 307 Or at 187 (party did not waive objection by 'not pressing it in her oral argument to the trial court')."

347 Or at 701-02 (emphasis omitted).

We conclude that, in this case, the principles of preservation did not require more of defendant. Here, the trial court summarily announced that it was "going to waive closing argument" and began stating its findings, and it did so only moments after it had denied the prosecution the right to cross-examine a defense witness. Defendant attempted to present argument concerning her view of the facts, and that attempt was cut off. Defendant's argument made it clear that she wanted to be able to present her view of the evidence. To be sure, defendant did not expressly tell the trial court that she wished to present a closing argument and that she had a right to do so. Under the circumstances, though, defendant had no real opportunity to make further objection. That is so because the trial court simultaneously raised the issue of closing argument and denied any opportunity for closing arguments, without allowing the parties an opportunity for objection.

For that reason, this case is distinguishable from previous cases in which we required a party who wishes to present a closing argument to speak up when asked. *See State v. Green*, 49 Or App 949, 951, 621 P2d 67 (1980) (concluding that the defendant failed to preserve error where, after the state presented its case in rebuttal, the trial court asked if there was "[a]nything more"; the prosecutor and defense counsel both answered no, and the trial court proceeded, without objection, to make its ruling); *State ex rel Vandenberg v. Vandenberg*, 48 Or App 609, 611 n 2, 617 P2d 675 (1980), *rev den*, 290 Or 449, *appeal dismissed*, 454 US 805, 102 S Ct 77, 70 L Ed 2d 74 (1981) (concluding that the defendant failed to preserve error concerning the trial court's

failure to allow closing argument where the court asked whether there would be anything further, defense counsel answered in the negative, and the court then ruled; "Whatever misunderstanding this may evidence, defense counsel made no objection at the time."). This case also differs from the factual scenarios presented by the federal cases that the state contends are persuasive. In none of those cases did a trial court say that it was waiving closing argument and then immediately announce its decision. *See, e.g., United States v. Martinez*, 974 F2d 589, 591-92 (5th Cir 1992) (because the trial court did not immediately announce its ruling but instead took a recess, counsel had an opportunity to gather his thoughts and to react to the court's announcement that it would not hear oral argument); *United States v. Stenzel*, 49 F3d 658, 661-62 (10th Cir 1995), *cert den*, 516 US 840 (1995) (defense counsel waived closing argument when she interrupted the trial court with motions after the court had started announcing its decision, the trial court had not denied argument, and then counsel admittedly chose not to assert a right to closing argument).

Here, when the trial court unequivocally ruled that it would not entertain closing argument and announced its decision, any additional effort to request or offer a closing argument would have been futile. We conclude that defendant was not required to do anything further to preserve her objection to the denial of closing argument. And with the denial of closing argument, defendant had no ability to present the facts in the best light and to attempt to dissuade the trial court from rejecting testimony favorable to defendant, as the trial court indicated it would do based on credibility when it disallowed closing argument. Accordingly, the "trial itself was affected in this case because the court denied one of its required elements[,]" *Lovins*, 177 Or App at 538, and that denial substantially affected defendant's rights.

Reversed and remanded.