Argued and submitted March 19, reversed and remanded April 23, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LORENA BARAJAS,
*Defendant-Appellant.*

Marion County Circuit Court
09C41316; A151643

325 P3d 772

Laura A. Frikert, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Susan G. Howe, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Wollheim, Presiding Judge, and Haselton, Chief Judge, and Garrett, Judge.

HASELTON, C. J.

**HASELTON, C. J.**

Defendant appeals a judgment of conviction, contending that, on remand from this court, the trial court erred in denying her request for a jury trial. For the reasons explained below, we agree with defendant. Accordingly, we reverse and remand this case for a new trial before a jury.

In 2009, defendant was charged with various offenses, including delivery of methamphetamine, possession of methamphetamine, and first-degree child neglect. She executed a written waiver of jury trial. Following a bench trial, defendant was convicted of those three offenses. Defendant appealed the resulting judgment, contending that the trial court erred in denying her the right to make a closing argument. *State v. Barajas*, 247 Or App 247, 250, 268 P3d 732 (2011) (*Barajas I*). Relying on *State v. Lovins*, 177 Or App 534, 538, 33 P3d 1060 (2001), we reversed and remanded, holding that "the 'trial itself was affected in this case because the court denied one of its required elements'" and that "that denial substantially affected defendant's rights." *Barajas I*, 247 Or App at 253 (quoting *Lovins*, 177 Or App at 538).

On remand, defendant requested a jury trial. The trial court—indeed, the same trial judge who had presided over defendant's original bench trial—denied defendant's request, allowing her only to make a closing argument. The court again convicted defendant of the three offenses described above.

On appeal, defendant contends that the trial court erred in denying her request for a jury trial for two interrelated reasons. First, defendant asserts that, "[a]lthough the tag line to *Barajas* simply read 'reversed and remanded,' this court's citation to *Lovins* indicates that defendant's case was reversed and remanded for a new trial." Second, relying on case law from other jurisdictions, defendant contends that her "waiver of a jury at the first trial [did] not affect the right to demand a jury at the second trial where the entire case [had been] reversed on appeal."

The state remonstrates that, because our tag line in *Barajas I* did not explicitly require a new trial, the trial court

had broad discretion on remand and that limiting defendant to offering closing argument only was within the permissible range of that discretion. With respect to defendant's asserted entitlement to a jury trial, the state contends that, "[g]iven that defendant had voluntarily and knowingly consented to the trial court serving as fact-finder in her trial, no compelling reason existed why the court was incapable of continuing that role on remand."

We begin with the first of defendant's contentions, concerning the scope of our remand in *Barajas I*—*viz.*, whether we remanded the case for a new trial. Contrary to the state's assertions on appeal, appellate tag lines must be read in the context of the opinion as whole. *See Allen v. Premo*, 251 Or App 682, 686, 284 P3d 1199 (2012). As explained, in *Barajas I*, we reversed and remanded relying on *Lovins*—a case that was also tried to the court and in which the defendant was denied the right to make a closing argument. Specifically, in *Lovins*, we explicitly rejected the state's argument that that case should be remanded "to allow [the] defendant to present his closing argument, rather than for a new trial," reasoning that "a closing argument is a part of the trial, and a failure to allow the argument cannot be separated from the trial as a whole." 177 Or App at 538. When viewed in the context of our reliance on *Lovins*, the "reversed and remanded" tag line in *Barajas I* can be reasonably understood to mean only one thing: We reversed and remanded the case for a new trial.

Having so concluded, we turn to defendant's remaining contention that her waiver of a jury trial did not foreclose her demand for a jury trial following our remand in *Barajas I*. Specifically, although noting that Oregon courts have not addressed "whether reversal and remand by an appellate court revives the right to a trial by jury under Article I, [s]ection 11[, of the Oregon Constitution] or the Sixth Amendment [to the United States Constitution]," defendant invokes the majority rule, which "appears to be that waiver of a jury at the first trial does not affect the right to demand a jury at the second trial where the entire case is reversed on appeal." Defendant points, for example, to *United States v. Lee*, 539 F2d 606, 608 (6th Cir 1976). In *Lee*, the Sixth Circuit explained that, "when a reviewing court finds error

in the conduct of a trial and reverses with directions for a new trial[,] * * * the general rule is that a litigant is not bound by his prior waiver of a jury trial." 539 F2d at 608. The court explained the reasons underlying that rule:

> "[T]he agreement to waive the right of trial by jury must ordinarily be construed to apply only to the particular trial at which it is made. Such a waiver is a renunciation of a valuable constitutional right, and must be strictly construed. It may well be supposed that a defendant would be perfectly willing for a particular judge to try him, when he would not risk his successor, or that he would be willing to be tried the first time by a judge, when he would not submit to a second trial by the same judge after such officer had convicted him one or more times, so that the judicial mind might not afterwards be perfectly free from the influence of a bias created by the circumstances of such previous conviction. This would be sufficient ground for the challenge of a juror, and ought not to be considered as waived in the case of a judge, at least on doubtful implication."

*Id.* at 609 (internal quotation marks omitted).[1]

We agree with defendant that her waiver of a jury trial did not foreclose her demand for a jury trial after our remand in *Barajas I*. That is so, because, as we explained in *Allen*, "[b]y remanding for a new trial, the case was returned to its *original pretrial posture*." 251 Or App at 686 (emphasis added). Applying that principle to the circumstances in this case, defendant—as before her first trial—had the right to demand a jury trial. Accordingly, we reverse and remand for a new trial before a jury.

Reversed and remanded.

---

[1] In so reasoning, the court in *Lee* quoted with approval the following observations from *Burnham v. North Chicago St. Ry. Co.*, 88 F 627, 629 (7th Cir 1898):

> "'The stipulation to waive a jury, and to try the case before the court, only had relation to the first trial. There could be no presumption then that there would ever be a second trial; and therefore it should not be presumed that the parties, in making the stipulation, had in mind any possible subsequent trial after the first, to which the stipulation could refer. The right of trial by jury in cases at law, whether in a civil or criminal case, is a high and sacred constitutional right in Anglo-Saxon jurisprudence, and is expressly guarantied by the United States [C]onstitution. A stipulation for the waiver of such right should therefore be strictly construed in favor of the preservation of the right.'"

539 F2d at 609.