Argued and submitted September 16, 2014, affirmed February 18, petition for review denied September 15, 2016 (360 Or 401)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS MICHAEL KELLY,
*Defendant-Appellant.*

Clatsop County Circuit Court
061238; A153902

368 P3d 47

Raymond S. Tindell argued the cause and filed the brief for appellant.

Pamela J. Walsh, Assistant Attorney General argued the cause for appellant. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Wollheim, Senior Judge.

LAGESEN, J.

**LAGESEN, J.**

Following a reversal and remand for a new trial, *State v. Kelly*, 244 Or App 105, 260 P3d 551 (2011),[1] defendant was convicted by a jury of 12 counts each of first-degree sexual abuse and first-degree sodomy against a child victim. On appeal, he assigns error to, among other things, the trial court's admission, pursuant to OEC 803(18a)(b), of certain hearsay statements of the victim. He contends that the state, as the proponent of those hearsay statements, failed to comply with OEC 803(18a)(b)'s requirement that the proponent "make[ ] known to the adverse party the proponent's intention to offer the statement and the particulars of the statement no later than 15 days before trial, except for good cause shown." Although defendant acknowledges that the state provided him with notice of its intent to offer the victim's hearsay statements before the first trial, he contends that the state was required to provide him with a new notice, or a new copy of the original notice, before his trial on remand and that its failure to do so required exclusion of the victim's hearsay statements. For the reasons that follow, we conclude that the state satisfied the rule's requirement that it provide defendant with notice of its intent to offer the victim's hearsay statements more than 15 days before trial and, accordingly, affirm.

In 2006, defendant was charged with 21 counts of first-degree sodomy and 21 counts of first-degree sexual abuse against the victim. On May 4, 2007—more than one year before the start of defendant's first trial—the state filed in the case a "Notice of Intent to Offer Evidence of [The Victim's] Hearsay Pursuant to OEC 803(18a) and OEC 803(24)." The May 2007 notice, which was also provided to defendant, states:

"COMES NOW the State of Oregon, by and through, Ron Brown, Chief Deputy District Attorney for Clatsop County, Oregon and hereby gives notice of intent to offer

---

[1] Defendant had been convicted of 12 counts each of sodomy in the first degree and sexual abuse in the first degree. *Kelly*, 244 Or App at 109. We concluded on appeal that the trial court erred by permitting an expert to testify to a diagnosis of sexual abuse of the victim, because there was no physical evidence of abuse and the diagnosis was based entirely on the victim's statements about the abuse. *Id.* at 111-12.

[the victim's] hearsay evidence pursuant to OEC 803(18a) and (24) at the trial of the above-named defendant. More specifically, the State intends to offer the Lighthouse interview as well as statements made to Annie Reaves and to the Department of Human Services."

Those hearsay statements were admitted at trial, and defendant was convicted by a jury of 12 counts of first-degree sodomy and 12 counts of first-degree sexual abuse. On appeal, we reversed defendant's convictions on evidentiary grounds not currently at issue. *See Kelly*, 244 Or App at 109-12. Following that reversal, the case was set for a new trial. After several continuances, defendant's retrial started on February 12, 2013. Before that retrial, the state did not refile a notice of its intent to introduce the victim's hearsay statements at trial, or otherwise transmit a new copy of the May 2007 notice to defendant. Immediately after the parties' opening statements, defendant called the trial court's attention to the fact that the state had not provided notice pursuant to OEC 803(18a)(b) to offer any out-of-court statements by the victim. Defendant did not dispute that the May 2007 notice adequately communicated what statements the state intended to introduce; and, defendant conceded that the state had provided the requisite notice in May 2007[2] and that he had a copy of that notice. Defendant nonetheless argued that, under OEC 803(18a)(b), the state was obligated to provide a second copy of the May 2007 notice, or new notice, to defendant more than 15 days in advance of defendant's new trial on remand, and argued further that the court was required to exclude any out-of-court statements by the victim as a result of the state's noncompliance with that rule.

The state opposed defendant's motion, arguing that, because it had provided timely and sufficient notice of its intent to introduce the victim's hearsay statements when it

---

[2] At defendant's first trial, defense counsel had objected to the May 2007 notice on the ground that it inadequately identified the statements sought to be admitted. However, defendant did not renew that objection below and he does not suggest on appeal that the content of the May 2007 notice was insufficient to alert him of what statements the state intended to introduce. For that reason, in the context of this case, we treat the May 2007 notice as sufficiently particular to communicate what statements the state intended to introduce, and assess only whether the state needed to provide a new copy of the May 2007 notice, or new notice, to defendant before retrial.

provided the written notice in May 2007, that notice was "part of the case" and there was "no requirement" to provide new notice on retrial. The state further contended that there was no "prejudice whatsoever" to defendant.

The trial court agreed with the state that "the case history is part of the case" and denied defendant's motion. Hearsay statements from the victim were introduced during the retrial, the case was submitted to the jury, and defendant was again convicted of 12 counts of sodomy in the first degree and 12 counts of sexual abuse in the first degree. Defendant now appeals.

On appeal, defendant assigns error to (1) the trial court's denial of his motion for a change of venue; (2) the trial court's denial of his motion for a judgment of acquittal; and (3) the trial court's imposition of consecutive sentences. We reject those assignments of error without written discussion.

In addition, defendant assigns error to the trial court's denial of his motion to exclude the victim's out-of-court statements, based on his theory that the state was required to provide him with a new notice, or a copy of the May 2007 notice, that it intended to introduce the victim's hearsay statements at defendant's retrial. Defendant contends that the remedy for the state's failure to provide new notice of intent to offer those statements at defendant's retrial was to exclude them from evidence. The state responds, as it did below, that its May 2007 notice satisfied its obligation to provide notice under OEC 803(18a)(b).

The issue on appeal is whether the state's May 2007 notice satisfied the requirements of OEC 803(18a)(b), so as to permit the state to introduce the victim's hearsay statements at defendant's retrial. We review a trial court's interpretation of the requirements of OEC 803(18a)(b), *State v. Lamb*, 161 Or App 66, 69, 983 P2d 1058 (1999), as well as its determination that the proponent's notice complied with the rule, *State v. Edblom*, 257 Or App 22, 28, 303 P3d 1001 (2013), for legal error.

OEC 803(18a)(b) provides:

"No statement may be admitted under this paragraph unless the proponent of the statement makes known to the

adverse party the proponent's intention to offer the statement and the particulars of the statement no later than 15 days before trial, except for good cause shown."

Therefore, the question for us is whether the state "ma[de] known to the adverse party" its intention to offer the victim's hearsay statements more than 15 days prior to trial, so as to permit those statements to be introduced at defendant's trial.

We conclude that it did. The state's notice obligation, under the terms of that rule, was "to make[] known to the adverse party the proponent's intention to offer the statement and the particulars of the statement no later than 15 days before trial." OEC 803(18a)(b). Here, early in the case, and long before the case was tried for the first time, the state provided defendant with written notice of its intent to introduce the victim's hearsay at defendant's trial; defendant does not dispute that the content of that May 2007 notice was adequate to apprise him of the statements that the state intended to introduce, or that defendant received that notice more than 15 days before trial. Moreover, in addition to providing notice to defendant, the state also formally filed the May 2007 notice with the court, although OEC 803(18a)(b) does not require notice to be filed with the court. In so doing, the state plainly communicated that its intention was to introduce the victim's hearsay statements at defendant's criminal trial, whenever that trial ultimately might be held.

Moreover, under the circumstances of this case, the fact that the case was remanded for a new trial did not operate to make the state's May 2007 notice ineffective. Again, the wording of that notice signaled the state's intent to offer the victim's hearsay statements at defendant's trial, regardless of when that trial might take place. Nothing that happened in the first appeal called into question the May 2007 notice, or would have suggested to the parties that the notice on file was no longer effective to communicate the state's intent with respect to the victim's hearsay statements. There is no indication that the May 2007 notice was lost or destroyed while the case was on appeal; on the contrary, defendant acknowledged that he had the state's May 2007 notice in his possession. And, although we have held that

a remand for a new trial returns a case "to its original pretrial posture," *Allen v. Premo*, 251 Or App 682, 686-87, 284 P3d 1199 (2012), thereby *permitting* the parties to raise new issues, change strategic course, or request that the court rethink rulings that it made in the context of the first trial, *see id.*; *see also State v. Barajas*, 262 Or App 364, 366-67, 325 P3d 772 (2014) (concluding that waiver of jury trial in first trial "did not foreclose [the defendant's] demand for a jury trial after our remand," because the case was "returned to its original pretrial posture" (emphasis omitted)), we have never held that a remand for a new trial has the categorical effect of vacating all pretrial filings so as to *require* the parties and the court to redo all the work that they did in anticipation of the first trial.

In concluding that the state's May 2007 notice timely alerted defendant of the state's intent to introduce the victim's hearsay statements at defendant's retrial, we do not hold that a party's notice under OEC 803(18a)(b) before a first trial categorically is sufficient to provide notice that that party intends to introduce hearsay statements at any subsequent retrial. There may be cases in which the circumstances between a first trial and a later retrial are such that an original notice will not operate to "make[] known to the adverse party the proponent's intention to offer the statement and the particulars of the statement no later than 15 days before trial," and a party that has not given new notice will, as a consequence, be precluded from introducing hearsay statements that the party desires to introduce. We hold only that, in this case, the state's May 2007 notice made known to defendant the state's intention to introduce the victim's hearsay statements at trial and, for that reason, satisfied the requirements of OEC 803(18a)(b).

Affirmed.