Submitted December 12, 2019, affirmed September 9, 2021

In the Matter of D. F. U.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

D. F. U.,
*Appellant.*

Multnomah County Circuit Court
121172534; A169497

498 P3d 332

In this civil commitment case, appellant challenges the trial court's recommitment order, arguing that the record lacks clear and convincing evidence that appellant was "still a person with mental illness" as required by ORS 426.307(6) and ORS 426.130(1). *Held*: Appellant did not make a closing argument or otherwise alert the state or the trial court that there was a challenge to the legal sufficiency of the evidence and provide an opportunity to respond. Accordingly, appellant failed to preserve the argument advanced on appeal.

Affirmed.

Julia A. Philbrook, Judge.

Alexander C. Cambier and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Landau, Senior Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this civil commitment case, appellant challenges the trial court's recommitment order, arguing that the record lacks clear and convincing evidence that appellant was "still a person with mental illness" as required by ORS 426.307(6) and ORS 426.130(1). We conclude that appellant failed to preserve the argument advanced on appeal and therefore we affirm the trial court's judgment.

The relevant facts are undisputed and mainly procedural. Appellant, who has been diagnosed with schizophrenia with catatonic features, has lived in a secure residential facility almost continuously since 2005. Appellant has eloped from the facility on different occasions and the "typical pattern" is that appellant would end up in an emergency room two or three days later. The treating psychiatrist testified that appellant has stopped taking the prescribed antipsychotic medication at times in the last six months, which causes appellant to rapidly decompensate and that, if released, appellant would not take medication or engage in voluntary treatment in the community. Appellant did not articulate a coherent plan for shelter, food, or safety, and both the treating psychiatrist and appellant's case manager expressed concern that appellant's disorganization and difficulty communicating would interfere with appellant's ability to obtain food and shelter if released.

On appeal, appellant argues that the record lacks clear and convincing evidence that, due to a mental disorder, appellant was a danger to self or that the requirements for a basic-needs commitment were met. In the preservation section of the opening brief, however, appellant acknowledges that appellant's attorney declined to give a closing argument. Instead of identifying a place in the record where there was a challenge to the sufficiency of the evidence, appellant relies on appellant's own testimony during the commitment hearing to preserve the arguments made on appeal. *See State v. A. S.*, 211 Or App 100, 101, 153 P3d 151 (2007) (concluding that, on *de novo* review, the appellant's repeated statements that he did not want to go to the hospital and that hospitalization "won't do me any good" and "there's no reason to put me in a hospital" were sufficient

to preserve the claim of error). Specifically, when asked if appellant would like to stay in the hospital for another few months to live safely, appellant responded, "No"; and, when asked if appellant was capable of processing the multiple steps required for meeting basic needs, appellant replied, "Yes, I can." The state remonstrates that, because there is a difference between a factual dispute and a dispute about the legal sufficiency of the evidence, appellant failed to preserve the arguments made on appeal and that, in any event, there was sufficient evidence supporting recommitment.

An issue not preserved in the trial court generally will not be considered on appeal. *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). To preserve a challenge to the legal sufficiency of the evidence, an appellant must raise the issue before the trial court with enough specificity to allow the court to consider the issue and rule on it. *See, e.g.*, *State v. Barboe*, 253 Or App 367, 373-74, 290 P3d 833 (2012), *rev den*, 353 Or 714 (2013) (concluding that the defendant failed to preserve a sufficiency argument when his closing argument focused on a different issue).

Here, appellant did not make a closing argument or otherwise alert the state or the trial court that there was a challenge to the legal sufficiency of the evidence and provide an opportunity to respond. *See State v. Walker*, 350 Or 540, 552, 258 P3d 1228 (2011) ("The appropriate focus *** is [on] whether a party has given opponents and the trial court enough information to be able to understand the contention and to fairly respond to it."); *Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008) (explaining that the touchstone of the preservation requirement is procedural fairness to the parties and the trial court).

Further, appellant's reliance on *A. S.* is unavailing. We reviewed the record *de novo* in that case. *See A. S.*, 211 Or App at 101. Here, appellant has not requested that we exercise our discretion to review the proceedings *de novo* and has challenged only the legal sufficiency of the evidence. *See* ORAP 5.40(8)(c) (explaining that we will exercise our discretion to review *de novo* "only in exceptional cases"). As the state's argument contends, there is an important difference between a dispute about the facts and a dispute

about the legal sufficiency of the evidence. *See, e.g.*, *State v. Lovins*, 177 Or App 534, 537, 33 P3d 1060 (2001) (observing the distinction between a legal argument—*e.g.*, whether there is evidence that would permit a trier of fact to find a defendant guilty—and a factual argument—*e.g.*, whether the trier of fact should, in fact, be convinced of a defendant's guilt beyond a reasonable doubt). Thus, although appellant's testimony may have preserved a factual argument that the trial court should not have recommitted appellant, that same testimony did not raise—and therefore did not preserve—a challenge to the legal sufficiency of the evidence.

Affirmed.