684　April 16, 2025　No. 332

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

REYES LEON MENDOZA,
*Defendant-Appellant.*

Douglas County Circuit Court
22CN00399; A178285

William A. Marshall, Judge.

Submitted September 18, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Peter G. Klym, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Reversed and remanded.

Powers, J., dissenting.

**ORTEGA, P. J.**

Defendant appeals a judgment finding him in contempt of court for violating a restraining order. In a single assignment of error, he argues that the trial court erred in precluding him from presenting closing argument and finding him in contempt immediately after presentation of the evidence. Defendant concedes that he did not preserve his claim of error but argues that preservation should be excused under these circumstances because he did not have any opportunity to object. Alternatively, he argues that the error is plain and asks that we exercise our discretion to correct it.

We conclude that defendant was excused from preserving his claim of error, that the trial court erred in proceeding directly to verdict without providing an opportunity for defendant to present closing argument, and that the error was not harmless. We therefore reverse and remand.

The relevant facts are few and undisputed. At the contempt hearing, the protected person, VL, testified that she had a restraining order against defendant, prohibiting him from coming within 150 feet of her residence, and that she called the police after defendant drove to VL's home, parked five feet from her property, and honked his horn for approximately 45 minutes. The responding officer testified that when he contacted defendant, defendant said that he was angry at VL, admitted to honking his horn and calling her, but may have indicated that he thought the "case was closed."

After the state rested, defense counsel told the court that she did not have any witnesses to call, and the court proceeded directly to announcing its verdict:

"[DEFENSE COUNSEL:]  I have no additional witnesses, Your Honor.

"THE COURT:   No witnesses. Is that right?

[The interpreter interprets in Spanish.]

"[DEFENSE COUNSEL:]   Correct.

"THE COURT:   Okay. So I'm finding that he did violate the Restraining Order. That he is in contempt. And ready for disposition?

"[DEFENSE COUNSEL:]   Yes, Your Honor."

A defendant's right to present closing argument is part and parcel of their right to counsel under the Sixth Amendment to the United States Constitution, *Herring v. New York*, 422 US 853, 95 S Ct 2550, 45 L Ed 2d 593 (1975), and Article I, section 11, of the Oregon Constitution, *State v. Rogoway*, 45 Or 601, 81 P 234 (1905).[1] The right to present closing argument also implicates the rights to present a defense and to proof beyond a reasonable doubt:

> "It can hardly be questioned that closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. For it is only after all the evidence is in that counsel for the parties are in a position to present their respective versions of the case as a whole. Only then can they argue the inferences to be drawn from all the testimony, and point out the weaknesses of their adversaries' positions. And for the defense, closing argument is the last clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt. *See In re Winship*, 397 US 358, 90 S Ct 1068, 25 L Ed 2d 368 [(1970)].

> "The very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free. In a criminal trial, which is in the end basically a factfinding process, no aspect of such advocacy could be more important than the opportunity finally to marshal the evidence for each side before submission of the case to judgment."

*Herring*, 422 US at 862; *cf. State v. Craigen*, 370 Or 696, 705, 524 P3d 85 (2023) (explaining that the Article I, section 11, right to counsel "is a particularly important right, one through which other rights are given effect"). Those rights apply equally in a punitive contempt proceeding. ORS 33.065(6) ("Except for the right to a jury trial, the defendant [charged with punitive contempt] is entitled to the constitutional and statutory protections, including the right to appointed counsel, that a defendant would be entitled to in

---

[1] The Sixth Amendment provides, in relevant part: "In all criminal prosecutions, the accused shall enjoy the right *** to have the Assistance of Counsel for his defence." Article I, section 11, provides, in relevant part: "In all criminal prosecutions, the accused shall have the right *** to be heard by himself and counsel[.]"

a criminal proceeding in which the fine or term of imprisonment that could be imposed is equivalent to the punitive sanctions sought in the contempt proceeding.").

On appeal, the state does not dispute that defendant had the right to present closing argument. Rather, the parties' central dispute concerns preservation and, specifically, whether defendant had an opportunity to object to the claimed error.

"Preservation rules are pragmatic as well as prudential." *Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008). The "touchstone" for what is required to adequately present a contention to the trial court is procedural fairness and can vary depending on the nature of the claim or argument. *Id.* "In some circumstances, the preservation requirement gives way entirely, as when a party has no practical ability to raise an issue." *Id.*

Defendant contends that this case is like *State v. Barajas*, 247 Or App 247, 268 P3d 732 (2011), in which we held that the defendant was excused from the preservation requirement when, at the end of the evidentiary phase of trial, the trial court *sua sponte* and "summarily announced that it was 'going to waive closing argument' and began stating its findings[.]" *Id.* at 252. We acknowledged that defense counsel had attempted to interrupt the court but "did not expressly tell the trial court that she wished to present a closing argument and that she had a right to do so." *Id.* We nonetheless held that the defendant had "no real opportunity" to object under the circumstances because "the trial court simultaneously raised the issue of closing argument and denied any opportunity for closing arguments, without allowing the parties an opportunity for objection." *Id.* In defendant's view, he had even less of an opportunity to object than in *Barajas* because "the trial court here did not even make a ruling that it was waiving closing arguments" and "any objection or request to make a closing argument would have been futile" because "the trial court already found defendant in contempt before he had an opportunity to object to being denied closing argument."

The state responds that this case is distinguishable from *Barajas* because "the trial court in this case did not cut off any attempt by defendant to present an argument, and defendant had an opportunity to raise any objection after the court started to announce its verdict." In the state's view, "the trial court did not deny defendant the opportunity to raise his argument, and defendant's failure to take advantage of his opportunity to do so makes his claim of error unpreserved."

We agree with defendant. Here, defendant had no real opportunity to object *before* the trial court announced its verdict, because it did not provide notice to the parties that it was precluding closing arguments and instead proceeded directly to its verdict. Defense counsel simply said she had no further witnesses, not that she had nothing further, and the trial court did not ask whether defendant wished to waive closing argument. This case is therefore not like those where we have "required a party who wishes to present a closing argument to speak up when asked." *See id.* at 252-53 (collecting cases).

Further, like in *Barajas*, defense counsel had no practical ability to raise the issue *at the time* the trial court implicitly precluded closing argument and simultaneously announced its verdict, which effectively denied any opportunity for closing arguments or objection. Although here, unlike in *Barajas*, the trial court did not cut off an attempt by defendant to present closing argument, the court's summary ruling finding defendant in contempt provided even less of an opportunity to interrupt and object than the circumstances in that case.

Finally, defendant had no opportunity to raise an objection *after* the court announced its verdict. We are not aware of any formal or established mechanism for defendant to raise the issue after the verdict has been rendered, and post-verdict remedies are limited and generally not available in bench trials. *State v. Keene*, 317 Or App 19, 24, 505 P3d 418 (2022) (excusing preservation in part because "there was no formal or established mechanism" for the defendant to raise the issue post-verdict, given that "post-verdict remedies in a criminal trial are limited" and do not

apply in a case tried to the court). We therefore conclude that defendant was excused from preserving his claim of error and that the trial court denied defendant the right to present closing argument.

We further conclude that such denial is not harmless. As we have explained, "it is impossible to determine if the closing argument would have made a difference." *State v. Lovins*, 177 Or App 534, 537, 33 P3d 1060 (2001) (citing *State v. Doern*, 156 Or App 566, 573-76, 967 P2d 1230 (1998), *rev den*, 328 Or 666 (1999)); *see also Stau v. Taylor*, 302 Or App 313, 323-34, 461 P3d 255, *rev den*, 366 Or 827 (2020) (counsel's decision to omit closing argument constituted inadequate assistance of counsel that prejudiced the petitioner because there was "more than a mere possibility that trial counsel's decision to give up the 'last clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt' affected the jury's verdict" (quoting *Herring*, 422 US at 862)). As the Court acknowledged in *Herring*, "the difference in any case between total denial of final argument and a concise but persuasive summation could spell the difference, for the defendant, between liberty and unjust imprisonment" because, while "[s]ome cases may appear to the trial judge to be simple—open and shut—at the close of the evidence," "just as surely, there will be cases where closing argument may correct a premature misjudgment and avoid an otherwise erroneous verdict," and "there is no certain way for a trial judge to identify accurately which cases these will be, until the judge has heard the closing summation of counsel." 422 US at 863.

Reversed and remanded.

**POWERS, J.,** dissenting.

I respectfully disagree with the majority opinion's conclusion that defendant should be excused from preserving his appellate claim of error, *viz.*, that the trial court denied him the right to present closing argument. Although I fully join the conclusion that the right to present closing argument extends to punitive contempt proceedings, 339 Or App at 686-87, I part ways with the decision to excuse defendant from the preservation requirement given his opportunity

to object and alert the trial court that he wanted to present closing argument. The majority opinion has not pointed to anything that shows that the court was deliberately or intentionally denying defendant the opportunity to provide closing argument, and there is nothing in the record that supports a conclusion that an objection to the court's procedure would have been futile. By excusing preservation, the majority opinion needlessly charts an unduly formalistic approach, which results in an unnecessary remand that will effectively force the parties to come back to court, when defendant had an opportunity to raise the issue before the trial court so that it could have easily corrected its oversight. Accordingly, I respectfully dissent.

As an initial matter, I fully agree with the majority opinion on the importance of closing argument in criminal proceedings and that the denial of the opportunity to present a closing argument can violate a defendant's rights. *See Herring v. New York*, 422 US 853, 862, 95 S Ct 2550, 45 L Ed 2d 593 (1975) (explaining that "closing argument is the last clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt"); *State v. Barajas*, 247 Or App 247, 250, 268 P3d 732 (2011) (reiterating that "a defendant in a criminal case has a right to make a closing argument"). I further agree with the majority opinion's decision that the right extends to punitive contempt proceedings. 339 Or App at 686. I part ways with the majority opinion, however, because the focus of preservation is "rooted in practicality, not technicality." *State v. Skotland*, 372 Or 319, 326, 549 P3d 534 (2024). We should not excuse preservation under these circumstances; rather, we should excuse preservation only when the record establishes that a trial court would not have permitted an issue to be raised or when the record shows that an objection would have been futile. *See, e.g.*, *State v. George*, 337 Or 329, 339-40, 97 P3d 656 (2004) (concluding that the defendant did not have to propose an instruction to preserve an objection on the failure to instruct where the trial court already had announced that it would not give the uniform jury instruction or any variation of it); *State v. Olmstead*, 310 Or 455, 461, 800 P2d 277 (1990) (explaining that, when a trial court "excludes an entire class of evidence by declaring, in advance, that it is

inadmissible as a matter of law, the ruling renders a further offer futile"). Neither situation is present here.

In my view, this case is unlike *Barajas*, in which the trial court "cut off" the defendant's attempt to present argument. 247 Or App at 252-53. In that case, defense counsel attempted to present evidence but was interrupted twice by the court and prohibited from continuing. *Id.* at 249-50. We explained,

> "[T]he trial court summarily announced that it was 'going to waive closing argument' and began stating its findings, and it did so only moments after it had denied the prosecution the right to cross-examine a defense witness. Defendant attempted to present argument concerning her view of the facts, and that attempt was cut off. Defendant's argument made it clear that she wanted to be able to present her view of the evidence. To be sure, defendant did not expressly tell the trial court that she wished to present a closing argument and that she had a right to do so. Under the circumstances, though, defendant had no real opportunity to make further objection."

*Id.* at 252. In short, the defendant had no real opportunity to raise further objections because the court simultaneously raised the issue of closing argument and denied any opportunity for closing arguments, without allowing the parties any meaningful opportunity to object. *Id.*; *see also State v. Powell*, 322 Or App 37, 41-42, 518 P3d 949 (2022) (discussing why the defendant had no real opportunity to make further objections in *Barajas*).

In contrast, we have distinguished the situation in *Barajas* from situations where the parties did not raise the issue for the trial court to correct any error, which resulted in a lack of notice to the opposing party and the court before the issue was raised on appeal. *See Powell*, 322 Or App at 42 (explaining that it is "procedurally unfair" to reach an unpreserved issue "because the court did not have the benefit of hearing from both sides so that it might correct any error, thereby obviating the need for an appeal on that issue"); *see also Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008) (observing that the nature of the claim or argument will drive what is required of a party to adequately

preserve an argument and that "the touchstone in that regard, ultimately, is procedural fairness to the parties and to the trial court").

For example, in *Powell*, the defendant relied on *Barajas* to argue that preservation was excused when the trial court *sua sponte* replaced the defendant's appointed counsel, because it was futile for defense counsel to object to his replacement. 322 Or App at 41. We concluded that preservation was not excused because the defendant's comments at the time did not provide notice to the state or to the trial court of the arguments that the defendant raised on appeal. *Id.* at 41-42. In distinguishing *Barajas*, we observed that counsel in that case did not further object after the court interrupted her effort to make closing argument, but she provided notice to the court because she had already made clear that she wanted to present her view of the evidence to the court, whereas in *Powell*, counsel's statement did not provide notice to the state or to the court of the arguments that the defendant made on appeal. *Id.* at 42. In my view, this case is more like *Powell* than *Barajas*.

Here, the parties did not present opening statements, and the trial testimony was relatively brief, totaling approximately 30 pages of transcript. Defendant did not testify, and he did not call his own witnesses. As described by the majority opinion, at conclusion of the trial, neither party provided closing arguments before the trial court announced its ruling:

"THE COURT:   Is that your last witness?

"[PROSECUTOR]:   Yes.

"THE COURT:   From the defense.

"THE INTERPRETER:   [*Interprets in Spanish.*]

"[DEFENSE COUNSEL]:   I have no additional witnesses, Your Honor.

"THE COURT:   No witnesses. Is that right?

"THE INTERPRETER:   [*Interprets in Spanish.*]

"[DEFENSE COUNSEL]:   Correct.

> "THE COURT:    Okay. So I'm finding that he did vio-
> late the Restraining Order. That he is in contempt. And
> ready for disposition?
>
> "[DEFENSE COUNSEL]:    Yes, Your Honor."

At no point did defendant request an opportunity to present
closing arguments, nor was there any objection when the
court asked if the case was ready for disposition. Although
it is true that defendant did not have an opportunity to
object before the court announced its verdict, preservation
principles do not require a party to anticipate that the trial
court is about to commit an error. Importantly, defendant
could have raised the issue when the court asked the par-
ties if they were ready for disposition. That is, although the
court should have asked the parties if they wanted to pres-
ent any closing arguments before it announced its verdict,
there is nothing in the record that suggests that the trial
court refused to hear closing argument or would not have
rendered a fair verdict after listening to closing arguments
despite prematurely announcing a verdict.[2]

In short, there is no need to excuse preservation in
this case. Further, I would conclude that defendant's argu-
ment does not qualify for plain-error review because it would
require us to choose between competing inferences, *viz.*, one
plausible view of the record is that defendant was denied
the opportunity to present closing argument and another
plausible view is that defendant waived his right to closing
argument, just as he waived his right to call witnesses or
provide the court with an opening statement.

At the end of the day, an objection could have
emedied any potential error. I write separately because—
similar to the upsurge in the number of appellate decisions
using the term "plain error"—I question whether the expan-
sion of excusing preservation when the error could have
easily been pointed out to the trial court may ultimately be
good for the ends of justice, bad for the policies served by
the preservation doctrine, or some combination thereof. *See*

---

[2] The majority opinion does not suggest—and there is nothing in the record
to support a conclusion—that the trial court, despite prematurely announc-
ing its verdict, could not have rendered a fair verdict after listening to closing
arguments.

*State v. Gayman*, 312 Or App 193, 204 n 1, 492 P3d 130 (2021) (Powers, J., dissenting) (observing the significant rise in the number of cases since 1991 that mention plain error).

Accordingly, I respectfully dissent.