On appellant's petition for reconsideration filed May 13, reconsideration allowed; former opinion (262 Or App 299, 323 P3d 985) modified and adhered to as modified July 16, petition for review denied October 23, 2014 (356 Or 400)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## CHARLES EDWARD DURANDO, III,
*Defendant-Appellant.*

Beaverton Municipal Court
UC7594911, UI7594921;
A150008 (Control), A150007

331 P3d 1095

Peter Gartlan, Chief Defender, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, for petition.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

## HADLOCK, J.

Defendant has petitioned for reconsideration of our opinion in *State v. Durando*, 262 Or App 299, 323 P3d 985 (2014), in which we reversed his conviction for unlawful possession of marijuana, but otherwise affirmed the trial court's judgment. In his reconsideration petition, defendant contends, among other things, that we applied an overly "severe" preservation standard in rejecting, as unpreserved, defendant's argument that the trial court erred in granting the state's pretrial motion to exclude one of defendant's exhibits on the ground that defendant had not adequately authenticated it. As noted in our original opinion, defendant argued on appeal that he had sufficiently authenticated that exhibit, which purported to be a printout from a website, "by 'inviting the trial court to view the website and verify that the printout accurately represented the information contained therein.'" *Durando*, 262 Or App at 309. After explaining why we would not reverse on that ground, we concluded by stating:

> "Because we cannot say that every reasonable judge would have understood defendant's statement as requesting that the judge visit the website in question, we reject defendant's contention that he adequately authenticated the document by making such a request."

*Id.* at 310. Defendant particularly objects to that sentence in his petition for reconsideration, arguing that we should have applied our ordinary preservation analysis, which asks whether the appellant gave the "trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made[.]" *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008).

On reconsideration, we acknowledge that the quoted sentence from our original opinion (along with two other sentences, addressed below) does not accurately reflect the standard that ordinarily applies when we consider whether a claim of error is preserved for appellate review. We also conclude, for the reasons set out in our original opinion, that application of the ordinary preservation standard leads to the same result. Defendant's argument that he sufficiently authenticated the exhibit by "inviting the trial court to view

the website" itself to verify the exhibit's accuracy is not preserved for our review because defendant did not clearly ask the trial court to take that action. That is, defendant did not make such a request in a way that gave his "opponent[] and the trial court enough information to be able to understand the contention and to fairly respond to it." *State v. Walker*, 350 Or 540, 552, 258 P3d 1228 (2011).

Accordingly, we modify our original opinion in three respects. First, we delete the following sentence, which appears at 262 Or App at 309:

> "We conclude that the trial court did not err by not interpreting defendant's statement as a request that the court take further steps in association with defendant's attempt to authenticate the printout."

In its place, we substitute:

> "We conclude that defendant's argument is not preserved for our review."

Second, we delete the sentence that starts the next paragraph:

> "Nonetheless, we cannot say that this judge committed reversible error by not interpreting defendant's statement as a request that the judge take those actions."

*Id.* at 309. In the place of that sentence, we substitute this one:

> "Nonetheless, we cannot say that defendant's statements, quoted above, fairly put the trial court on notice that defendant was asking the court to take those actions."

Finally, we delete this sentence:

> "Because we cannot say that every reasonable judge would have understood defendant's statement as requesting that the judge visit the website in question, we reject defendant's contention that he adequately authenticated the document by making such a request."

*Id.* at 310. For it, we substitute the following sentences:

> "Considered in context, defendant's assertions about the website did not reasonably put the state or the trial court on notice that he was asking the court to visit the website

itself to verify the accuracy of the printout. Accordingly, defendant's contention that he adequately authenticated the document by making such a request is not preserved for appellate review."

We reject without discussion the remaining contentions in defendant's petition for reconsideration.

Reconsideration allowed; former opinion modified and adhered to as modified.