No. 682    September 25, 2024    247

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JONATHAN ALEXIS GONZALES-SALCIDO,
*Defendant-Appellant.*

Polk County Circuit Court
21CR44985; A180237

Norman R. Hill, Judge.

Submitted August 29, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this criminal case, defendant appeals his convictions after a jury trial for second-degree murder with a firearm (Count 1), ORS 163.115; and recklessly endangering another person (REAP) (Count 3), ORS 163.195. Defendant presents four assignments of error in which he argues that the trial court erred when it (1) substituted counsel without an adequate inquiry into the nature of conflicts of interest; (2) admitted vouching testimony; (3) admitted scientific evidence without adequate foundation; and (4) permitted the state to make improper closing argument that relied on facts not in evidence. For the reasons that follow, we affirm.

*Substitution of Counsel*. After defendant was charged, the court appointed a law firm to represent him. About six months later, the law firm asked to withdraw, because an attorney at the firm had represented one of the investigating officers in an unrelated matter. The trial court granted that request and appointed substitute counsel. After defendant expressed confusion as to what had occurred, the court explained that it substituted counsel because defendant's original appointed counsel had disclosed an "active unwaivable conflict of interest." Defendant thanked the court for its explanation. On appeal, defendant argues that the trial court erred when it substituted counsel, because defendant had a constitutional right to continuity of counsel, and the trial court did not inquire into the nature of the conflict to determine whether the reason for counsel's substitution was legitimate.

As an initial matter, we determine that defendant's argument is not preserved. Defendant's comments did not provide notice to the state or to the trial court of the arguments that defendant makes on appeal; indeed, defendant never expressed disagreement with the court's decision. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (to preserve a claim of error, defendant "must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted"). Defendant's argument that his response indicated a mere acquiescence

to the court's authority also fails, because defendant had an opportunity to object, and his questions and statements to the court gave no indication that he disagreed with the court's decision to substitute counsel. *See State v. Barajas*, 247 Or App 247, 252, 268 P3d 732 (2011) (determining that the defendant preserved her assignment of error when "[d]efendant's argument made it clear that she wanted to be able to present her view of the evidence," and "[u]nder the circumstances, *** defendant had no real opportunity to make further objection").

Defendant requests that we review the trial court's ruling as plain error. To be plain, the error must (1) be an error of law, (2) be obvious and not reasonably in dispute, and (3) be "apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Defendant argues that the trial court plainly erred in substituting counsel, because defendant had a legal right to continuity of counsel. Although the court erred in concluding that the situation presented an unwaivable conflict of interest, whether defendant has a constitutional right to continuity of counsel is not obvious. *See State v. Powell*, 322 Or App 37, 44, 518 P3d 949 (2022), *rev den*, 370 Or 740 (2023) (concluding that we were "not satisfied that any constitutional right to continuity of counsel is well enough established to be obvious and not open to reasonable dispute"). Because the alleged error is not obvious, it does not qualify for plain error review.

*Vouching Testimony*. Defendant argues that the trial court erred when it overruled his objection to vouching testimony. We review whether a witness impermissibly vouched for legal error. *State v. Sperou*, 365 Or 121, 139, 442 P3d 581 (2019). During the direct examination of a witness who was on the scene during the shooting, the prosecutor asked whether defendant left his work site to grab chainsaw chaps. The witness responded, "allegedly," and defendant objected, arguing that the witness was commenting on defendant's credibility. Defendant renews that argument on appeal.

Assuming without deciding that that testimony constituted impermissible vouching, we conclude that any

error in refusing to strike that testimony was harmless on this record. *See State v. Black*, 364 Or 579, 595-96, 437 P3d 1121 (2019) ("Errors that had little likelihood of affecting the verdict are harmless and do not warrant reversal.") (Internal quotation marks and citation omitted); *see also State v. Durando*, 262 Or App 299, 305, 323 P3d 985, *adh'd to as modified on recons*, 264 Or App 289, 331 P3d 1095, *rev den*, 356 Or 400 (2014) (to determine whether an error is harmless "we examine the record as a whole and consider the error and the context in which it occurred") (citation omitted). The witness's opinion as to whether defendant fabricated his reason for leaving the work site is inconsequential in light of the witness's testimony that he later saw defendant with a gun. In addition, another witness, who was also at the scene, testified to similar facts, such that the challenged testimony was largely cumulative. *See State v. Bement*, 363 Or 760, 779, 429 P3d 715 (2018) ("But even when evidence relates to a central factual issue, its exclusion may be harmless if it is merely cumulative of, instead of qualitatively different than evidence presented to the factfinder.") (Internal quotation marks and citation omitted.). Thus, there is little likelihood that the asserted error affected the verdict. We therefore reject defendant's second assignment of error.

*Foundation for Scientific Evidence*. In defendant's third assignment of error, he argues that the trial court plainly erred when it admitted scientific evidence from an expert, without proper foundation, that the cartridge casings recovered at the scene were fired from the gun that was also recovered at the scene.

The issue in this case is whether the state's foundation for the expert's testimony was obviously inadequate, such that the trial court was required to *sua sponte* exclude the testimony. *See Vanornum*, 354 Or at 629 ("For an error to be plain error, it must be * * * obvious and not reasonably in dispute[.]"). We conclude that the error is not obvious. The court heard evidence about the expert witness's experience in this job, the gathering of documentary evidence prior to testing, the firearms testing itself, the testing review process, and another firearm examiner's independent findings.

That evidence is among the court's considerations in determining whether the science is valid. *See State v. Brown*, 297 Or 404, 417, 687 P2d 751 (1984) (the trial court may consider the following factors to determine whether the science is valid: the expert's qualifications and stature; the use which has been made of the technique; the novelty of the invention; and the extent to which the technique relies on the subjective interpretation of the expert).

Defendant argues that the foundation for the evidence was inadequate because the trial court did not hear evidence as to it the validity of the expert's testing—*i.e.*, "the technique's general acceptance in the field," "the known or potential rate of error and existence of operational standards controlling the technique's operation," or "the degree of acceptance in the relevant scientific community." *Brown*, 297 Or at 417; *State v. O'Key*, 321 Or 285, 299, 303-04, 899 P2d 663 (1995). But the trial court is not required to consider every *Brown*/*O'Key* factor in every case, and no single factor is decisive. *State v. Henley*, 310 Or App 813, 818, 486 P3d 853, *rev den*, 368 Or 638 (2021). We conclude that it was not obvious that the foundation that the state had laid was insufficient to allow the expert to testify as to his findings relating to the firearm testing. *See State v. Garcia*, 320 Or App 123, 137-38, 512 P3d 839, *rev den*, 370 Or 602 (2022) ("[I]t is not *obvious* and *beyond dispute* that the foundation that had already been laid was insufficient to allow [the expert witness] to testify regarding [the scientific evidence]. \*\*\* Any error in the trial court not *sua sponte* intervening to require the state to lay a greater foundation for [the expert's] testimony was not a 'plain' error." (Emphases in original.)). Accordingly, this error does not qualify for plain error review.

*Prosecutor's Closing Argument*. Defendant argues that the trial court plainly erred when it permitted the prosecutor make an argument during his rebuttal that invited the jury to decide the case based on facts not in evidence. The prosecutor made the following arguments:

> "[PROSECUTOR:]   If this were an accident, if the gun just went off accidentally, then there would only be one shot. And even if there were two shots—if there were a horrible,

horrible accident, because horrible accidents with firearms do happen. Probably heard about them, read about them, maybe even know someone who's had a horrible accident.

"When that happens, people stick around. They wait for law enforcement or emergency authorities to show up and say, 'This is horrible, and it's tragic.' That's not what happened here."

Defendant argues that that argument was improper, because it references facts not in evidence—*viz*., that if the gun had fired accidentally, it only would have only fired once, and when accidental shootings happen, the shooter "stick[s] around" and waits for law enforcement. In addition, defendant argues that the prosecutor's improper factual assertions denied defendant a fair trial, because they addressed potential weaknesses in the state's case and undercut defendant's defense.

Assuming that the prosecutor's arguments were improper, the comments were not so prejudicial that they denied defendant a fair trial, and the trial court was not required to *sua sponte* declare a mistrial based on the prosecutor's comments. *See State v. Durant*, 327 Or App 363, 312, 518 P3d 903 (2022) ("In other words, prosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial." (Emphasis in original)). In this case, the prosecutor's argument was not so egregious that the court was required to order a mistrial: "The prosecutor did not misstate the law, denigrate anyone, improperly shift the burden of persuasion to defendant, or invite an adverse inference from defendant's exercise of a constitutional right." *Id.* at 371. Additionally, the prosecutor's comment could have been corrected with a curative instruction. *See State v. Banks*, 367 Or 574, 590, 481 P3d 1275 (2021) (determining that the trial court's error in overruling defendant's objection to the state offering facts not in evidence was not harmless, in part because the trial court denied defendant's request for a curative instruction). Because any error in the prosecutor's comments were "curable," defendant has not established plain error.

Affirmed.